**Hugh McEachran, Ex Officio Treasurer and Township Treasurer, Appellee, v. Frank E. Maynard et al., Appellants.**

**Gen. No. 8,466.**

Opinion filed July 22, 1932.

Frank E. Maynard, for appellants.

Hall & Dusher, for appellee.

Mr. Justice Jett delivered the opinion of the court.

This is an appeal from a judgment for $6,030 obtained in the circuit court of Winnebago county by Hugh McEachran, *ex officio* treasurer and township treasurer, appellee, against Frank E. Maynard, Truman Johnson, Evans A. Anderson, Arthur E. Anderson, Gust E. Blomquist, E. W. Carlson, E. O. Bergren, A. F. Erikson, E. S. Hamm, Oscar C. Hultberg and W. O. Peterson, appellants.

For the purposes of this opinion the appellee hereinafter will be referred to as plaintiff and appellants as defendants.

The declaration consists of one count. It is averred that on to wit: July 10, 1928, the plaintiff was *ex officio* treasurer and township treasurer, which included *ex officio* treasurer of the road and bridge fund, and now is supervisor of Rockford township, Illinois, and that on to wit said last date the plaintiff had a deposit of money in the Security National Bank of Rockford, Illinois, which said deposit belonged to the public and was public money, and was so known to the defendants and each of them; that the defendants desired the plaintiff to continue said deposit in said bank and desired that the plaintiff make other deposits in the said bank and allow the same to remain there from time to time, or parts thereof to remain in said bank from time to time, and in consideration thereof the said defendants executed and delivered to the plaintiff a bond in and by which it was agreed that if the bank ''Shall well and faithfully perform and discharge its duties as such depositary and pay out such sums of money on deposit with it and hereafter to be deposited with it, and each and every part thereof, in accordance with a check or checks, or direction of the duly authorized officials of the township of Rockford, Illinois, and shall account for and pay over all moneys now on deposit with it, and hereafter to be deposited with it, and each and every part thereof, in accordance

with a check or checks, or direction of the duly authorized officials of the township of Rockford, Illinois, and shall account for and pay over all moneys now on deposit with it and any money hereafter received by it and interest due from it as such depositary, then the obligation to be void.''

Plaintiff further averred that he continued said deposits in said Security National Bank, Rockford, Illinois, and thereafter made deposits in said bank and allowed the same or parts thereof, to remain from time to time down to and including June 15, 1931; that on said June 15, 1931, he had on deposit in said bank the sum of $6,000 which had previously been deposited there and which said sum was public money and known to the defendants and each of them to be public money, and said deposit was the deposit covered by and mentioned in said instrument in writing above mentioned, and were deposits which were made subsequent to July 10, 1928; that on said June 15, 1931, the said Security National Bank failed to open its doors and since said time has remained closed and that it is now a closed and defunct or insolvent bank; that he caused notice to be given to each of said defendants that said bank had closed its doors and that said deposit remained in said bank, and called upon said defendants to pay to him the said sum of $6,000; that the said Security National Bank did not well and faithfully perform and discharge its duties as such depositary, and did not pay out such sums of money on deposit with it, and after July 10, 1928, to be deposited with it, and each and every part thereof, in accordance with a check or checks or direction of the duly authorized official of the township of Rockford, Illinois, and did not account for and pay over all moneys so deposited with it July 10, 1928, and any money thereafter received by it but that said Security National Bank, Rockford, Illinois, failed and neglected to pay said sum of $6,000; that it would have been idle

and ineffective for him, the plaintiff, to have made a check for $6,000 on said Security National Bank on June 15, 1931, or at any time thereafter; that said bank was closed and would not honor said check nor would any other person, firm or corporation honor the same for said bank, and for such reason the plaintiff did not make out a check for the sum of $6,000 either on June 15, 1931, or at any time thereafter, but plaintiff is ready, willing and able to execute and deliver such check at this time and at all times since June 15, 1931 if said Security National Bank would honor the same; that it became and was the duty of the defendants and each of them to pay to the plaintiff the sum of $6,000 on demand and that the plaintiff has demanded the same as aforesaid but that the defendants have not nor have any of them made reply to the demand of the plaintiff and each of them has remained silent at all times since the said demand and have failed and refused to either pay said sum of money or make any arrangements to secure the same to the plaintiff, to the damage of the plaintiff, etc.

To the declaration the defendants and each of them demurred. While the demurrer was pending before the court the record discloses that slight amendments were made by the respective parties to the cause. The plaintiff amended his declaration by averring "that the plaintiff was now supervisor of Rockford township"; the defendants amended by adding the names of two additional defendants to the written demurrer which had previously been filed. The amendments having been made, the cause was submitted to the court on the declaration of the plaintiff and the demurrer of the defendants thereto. The court overruled the demurrer and ruled the defendants to plead within 10 days. Within the time in which the defendants were ruled to plead they, without obtaining leave of the court, filed another general and special demurrer. To the second general and special demurrer

filed by the defendants the plaintiff interposed a motion to strike it from the files upon the theory that a demurrer having been overruled and leave given to plead, the defendants could not again file a demurrer without they had leave of the court to do so and that to file a second demurrer which raised substantially the same points as were raised in the first one was trifling with the court and indicated that it was filed merely for delay. The motion of the plaintiff to strike the second general and special demurrer from the files was allowed, and thereupon the defendants asked leave of the court to stand by their first demurrer which had been overruled and they were given leave of the court to do so and the record discloses the fact that the defendants distinctly elected to stand by their first demurrer and this is the state of the record from which the appeal was prosecuted by the defendants.

An affidavit of claim was attached to the declaration and after the defendants had elected to stand by their demurrer the court heard evidence as to the amount of the interest which had accrued on the deposit of $6,000 since the bank had closed its doors and rendered judgment on the affidavit of claim and on the computation of interest for the said amount as hereinbefore stated of $6,030.

The defendants argue a number of reasons for a reversal of the judgment. It is first argued by the defendants that the court erred in allowing the motion of the plaintiff to strike the second general and special demurrer without giving them a hearing on the same and it is suggested that the court abused its discretion in this respect. This objection of the defendants is not well taken for the reason that the defendants in the trial court definitely elected to stand by their first demurrer which was overruled. They cannot be permitted to stand by the first demurrer and allege error on the part of the court in refusing to allow them to plead further. By electing to stand

by their first demurrer they waived any alleged error of the court in refusing to allow them to plead further. If they desired to assign error on the refusal of the court to allow them to plead further, they should not have elected to stand by their first demurrer which had been overruled. Furthermore, the record fails to show that the defendants ever asked permission of the court to file the second demurrer and if they did not ask leave they cannot assign error because the court did not grant permission.

It is next argued that the court erred in overruling the first demurrer because the declaration fails to state a cause of action in this that the declaration nowhere shows that the plaintiff as designated in the suit was at the time of the making of the demand on said bank the duly authorized official of the township of Rockford entitled to make such demand and receive the money. In answer to this alleged error it will be remembered that under the law supervisors are elected in the month of April; this suit was brought in July. The averment of the declaration is that on to wit: July 10, 1928, the plaintiff was "*ex officio* treasurer and township treasurer, which included *ex officio* treasurer of the Road and Bridge Fund, and now is supervisor of Rockford Township."

In counties under township organization the supervisor of each town shall be *ex officio* treasurer of the Road and Bridge Fund. Cahill's St. ch. 121, ¶ 48 (C).

The treasurer of the Road and Bridge Fund shall receive and have charge of all moneys raised in the town for the support and maintenance of the roads and bridges therein and for road damages. Cahill's St. ch. 121, ¶ 58.

The supervisor of a town is required to give bond for the faithful discharge of his duties, and that he will safely keep and pay over all moneys intrusted to his keeping as such supervisor. Cahill's St. ch. 139, ¶ 100.

In answer to the objection that the bank had never refused upon a proper demand within the law to pay the deposit, it will be noted that the bank placed itself beyond its power to pay by becoming insolvent and was taken over for liquidation by the comptroller of the currency. It will be remembered that the bond provided, "That the bank would account for and pay over all moneys now on deposit with it and any moneys thereafter received by it." This the bank failed to do and placed it beyond its power for any one to make demand of it or for any one to present a check to it. When the bank allowed itself to become insolvent and its doors closed, the making of a check or checks would have been an idle and useless formality.

It is also insisted by the defendants that the declaration fails to aver that the bank did not well and faithfully discharge its duties under the terms of the bond. The answer to this objection is that not only the declaration itself but likewise the demurrer points out facts from which it would conclusively appear as a matter of law that the bank had failed to discharge its duties as a depositary under the terms of the bond for the declaration charges that on June 15, 1931, the bank failed to open its doors and has not opened its doors at any time since then, but it is a closed, defunct and insolvent bank. It would have been idle and ineffective for the plaintiff to have made a check for $6,000 and tendered it to the bank because the bank was closed and would not honor the check. Furthermore, the demurrer of the defendants states that the doors of the bank were closed and business suspended by order of the comptroller of the currency on June 15, 1931, and that a receiver was placed in charge of it and that it would be useless and illegal for the receiver to pay out the funds. We are of the opinion that there are ample averments to be found in the declaration to charge that the bank failed to well and faithfully perform and discharge its duties as such depositary.

It is also argued that the suit was prematurely instituted; that the only guarantee by the bond was that they will pay any losses that will be sustained by the treasurer in the final accounting between the bank and the treasurer. We cannot subscribe to this construction that is placed by the defendants upon the indemnity bond in question. Public funds are herein involved and this bond was required for the very purpose that has arisen in this proceeding, namely, that if the bank failed the township would not have to wait for the bank to be liquidated but that the treasurer would be entitled to the money on demand.

In support of their contention that the suit was prematurely brought the defendants cite the case of *Ætna Casualty & Surety Co. v. Village of Maywood*, 262 Ill. App. 206. We have investigated this authority relied upon by the defendants. In that cause a bank had failed. A public official had a deposit in the bank where the surety company was surety on the bond for the paying of the money if the bank did not but for a less amount than the deposit. The surety company brought a bill in equity, the prayer of which was that it might be allowed to pay the full amount of its policy and be subrogated or have assigned to it the claim of the public official. In that way the surety company hoped to reimburse itself out of the total amount of the claim for at least a part of its loss. The court held that the surety company could not be subrogated to the official's position or rights until the official had been paid in full. The deposit was much larger than the penal sum mentioned in the bond, and the court held that whatever remained after the official had been paid from the dividends of the bank might be collected from the surety company. In other words, the surety company was trying to take out the penal amount of the bond from the first of the deposit rather than from the last part of the deposit. The effect of the court's

holding was that the surety company could not be subrogated to the first part of the deposit and allow the official to lose a part of the last part of it but that the surety company might be subrogated, if there is anything to subrogate, after the public official had been paid in full. The case relied upon by the defendants does not hold that on a bond of the character that is the basis of this suit the plaintiff may not immediately pursue his remedy against the signers of the bond. The very terms of the bond itself declared upon in this cause are that the signers thereof will be liable if the bank shall not account for and pay over all moneys to be deposited with it, and each and every part thereof, when requested by the proper official of the township of Rockford, Illinois. This the bank has failed to do and the defendants became immediately liable for the whole deposit.

There are other objections and some suggestions made with reference thereto but there is nothing in them that we feel called upon to answer further. We are of the opinion the declaration stated a cause of action and that the action of the court in the overruling of the demurrer in question was correct and that the court was within the rule in entering the judgment as was done in this cause.

The judgment of the circuit court of Winnebago county will therefore be affirmed.

*Judgment affirmed.*